**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DANIEL HENINGER, )<br>#S08458, )<br> )<br>    Plaintiff, )<br> )<br>vs. )<br> )<br>DAVID RAINS, )<br>WEXFORD HEALTH CARE, )<br>MICHELLE NEECE, and )<br>JOHN BALDWIN, )<br> )<br>    Defendants. ) | Case No. 18−cv−594−NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Daniel Heninger, an inmate of the Illinois Department of Corrections ("IDOC") current housed in Robinson Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. In his Complaint, Plaintiff claims the defendants have failed to accommodate his disability and have been deliberately indifferent to his serious medical issues in violation of the Eighth Amendment. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which
> relief may be granted; or

1

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to allow this case to proceed past the threshold stage.

## The Complaint

In his Complaint (Doc. 1), Plaintiff makes the following allegations: Plaintiff has 90% hearing loss, and he is "not being provided with the accommodations [he] need[s] in order to have access to the same programs, education, work assignments, and activities that are offered to the other inmates." (Doc. 1, p. 5). Plaintiff has "followed all the procedures in order to receive a set of 'working' hearing aids or a sign language translator but [has] been ignored and denied by the contracted health-care provider Wexford." *Id.* Warden Rains and Assistant Warden Neece "have been made fully aware of the need for [Plaintiff] to receive this accommodation . . . and have acted with 'deliberate indifference' to the significant hardship the refusal to accommodate [Plaintiff] has caused." *Id.* Since March 22, 2017, Plaintiff has had meetings with Wexford employees, Rains, and Neece about this issue. *Id.* Despite this, Plaintiff has been denied a set of

working hearing aids. *Id.* He claims to have suffered from humiliation as a result. *Id.*

Plaintiff seeks monetary damages and an "emergency injunction" ordering Robinson Correctional Center to comply with Plaintiff's prescription for a working set of hearing aids. (Doc. 1, p. 6).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

> **Count 1 –** Defendants showed deliberate indifference to Plaintiff's serious medical need involving his hearing loss in violation of the Eighth Amendment.
>
> **Count 2 –** Defendants violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111-213, and Rehabilitation Act, 29 U.S.C. §§ 794-94e, for discriminating against Plaintiff based on his hearing disability and/or failing to accommodate his needs related thereto.

As discussed in more detail below, both claims will be allowed to proceed. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

## Count 1

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. *See Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). To state a claim, a prisoner must show that: (1) he suffered from an objectively serious medical need; and (2) state officials acted

3

with deliberate indifference to the prisoner's medical need, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The Seventh Circuit has held that a medical need is "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). Plaintiff has alleged a sufficiently serious medical need at this stage, as he claims he was prescribed hearing aids by a physician for 90% hearing loss.

The Complaint also must satisfy the subjective component of these claims. To do so, the Complaint must suggest that the defendants exhibited deliberate indifference to Plaintiff's serious medical need. Deliberate indifference is established when prison officials "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer*, 511 U.S. at 834).

Plaintiff claims that he made both Rains and Neece aware of his need for hearing aids in meetings he had with them, but he was still denied a working pair. Count 1 will therefore proceed against Rains and Neece. Plaintiff failed to include allegations tying Baldwin to any act of deliberate indifference toward him, however, so Count 1 will be dismissed without prejudice as against him. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) (invoking the name of a potential defendant is not sufficient to state a claim against that individual); *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (the doctrine of *respondeat superior* is not applicable to § 1983 actions).

With respect to Wexford, a corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward*

*v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action). Plaintiff has not alleged that any of the individual defendants either acted or failed to act as a result of an official policy espoused by Wexford. Therefore, Plaintiff cannot maintain a deliberate indifference claim against Wexford, and Count 1 shall be dismissed as against it.

## Count 2

Title II of the ADA provides that "no qualified individual with a disability shall, because of that disability . . . be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The Rehabilitation Act also prohibits discrimination against qualified individuals based on a physical or mental disability. *See* 29 U.S.C. §§ 794-94e. Discrimination under both statutes includes the failure to accommodate a disability. *Wagoner v. Lemmon*, 778 F.3d 586 (7th Cir. 2015). In this case, the analysis under the ADA and Rehabilitation Act is the same, except that the Rehabilitation Act includes as an additional element the receipt of federal funds, which all states accept for their prisons. *Id.* at 592 (citing *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 671-72 (7th Cir. 2012)) (citing 29 U.S.C. § 705(2)(B)).

Here, the allegations suggest that Plaintiff is a qualified individual with a disability, given that he has 90% hearing loss and requires hearing aids therefor. He also has alleged that he has been denied various benefits as a result of his disability, including programs, education, work assignments, and activities that are available to other inmates. These allegations suggest that Plaintiff has a viable ADA and/or Rehabilitation Act claim.

Notably, Plaintiff's claims cannot proceed against all but one of the defendants because

individual employees of IDOC cannot be sued under the ADA or Rehabilitation Act. *Jaros*, 684 F.3d at 670. The proper defendant is the relevant state department or agency. *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670 n.2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his or her official capacity)). Though he has not named IDOC as a defendant, Plaintiff has named Director of IDOC, John Baldwin.

Count 2 will therefore proceed against Baldwin in his official capacity only. It will be dismissed against all other defendants with prejudice.

**Emergency Injunctive Relief**

In his request for relief, Plaintiff requests an "emergency injunction." (Doc. 1, p. 6). Assuming Plaintiff meant to request a temporary restraining order ("TRO"), a Court may not issue a TRO unless "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." *See* FED. R. CIV. P. 65(b)(1)(A). The immediate injunctive relief Plaintiff requests is an order requiring that he be provided with working hearing aids. Plaintiff's Complaint fails to include any recognizable allegations that Plaintiff is facing an immediate and irreparable injury, loss, or damage if these hearing aids are not provided before the adverse parties can be heard in opposition. For this reason, to the extent Plaintiff is requesting a TRO, his request is **DENIED**.

Plaintiff fares no better if his request for an emergency injunction is construed as one for preliminary injunctive relief. In order to obtain a preliminary injunction, Plaintiff must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) Plaintiff will suffer irreparable harm without the injunction. *Woods v. Buss,* 496 F.3d 620, 622 (7th Cir. 2007). If those three factors are shown,

the district court must then balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius,* 735 F.3d 654, 665 (7th Cir. 2013).

Plaintiff has not explained how he is at risk of suffering irreparable harm without preliminary relief. He has apparently been subjected to the alleged conditions for some time, as he has had meetings on the subject with various officials beginning in March 2017. Given this lack of urgency and clarity as to the potential harm, and the fact that Plaintiff failed to file a separate motion pursuant to Federal Rule of Civil Procedure 65 seeking any sort of interim relief, Plaintiff's request for an emergency injunction, to the extent he is seeking a preliminary injunction, is **DENIED** without prejudice. Plaintiff may still request a preliminary injunction by filing a separate motion pursuant to Rule 65, should he choose to do so.

## Pending Motions

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3), which is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for a decision.

Plaintiff's Motion for Service of Process at Government Expense (Doc. 4) is **DENIED** as moot. Waivers of service of summons will be issued and served on the remaining defendants as ordered below. Plaintiff is advised that it is not necessary for a litigant proceeding *in forma pauperis* to file a motion requesting service of process by the United States Marshals Service or other process server. The Clerk will issue summons and the Court will direct service for any complaint that passes preliminary review.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** will **PROCEED** against **RAINS** and **NEECE** and is **DISMISSED** without prejudice as against **WEXFORD** and **BALDWIN**.

**IT IS FURTHER ORDERED** that **COUNT 2** will **PROCEED** against **BALDWIN**

7

(official capacity only) and is **DISMISSED** with prejudice as against the other defendants.

**IT IS FURTHER ORDERED** that **BALDWIN** (individual capacity only) and **WEXFORD** are **DISMISSED** without prejudice from this action for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that as to **COUNTS 1** and **2**, the Clerk of Court shall prepare for **RAINS**, **NEECE**, and **BALDWIN** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings. Further, this entire matter shall be

**REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 26, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**